UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER KNAPP,

        Petitioner,
v.                                                                                            9:22-CV-1106
                                                                                              (GTS)
CHENANGO COUNTY JAIL, Sheriff's Office,

        Respondent.
_____

APPEARANCES:                                                                 OF COUNSEL:

CHRISTOPHER KNAPP
Petitioner, pro se
3967
Chenango County Jail
279 County Road 46
Norwich, NY 13815

GLENN T. SUDDABY
United States District Judge

**DECISION and ORDER**

**I.      INTRODUCTION**

      Petitioner Christopher Knapp seeks federal habeas relief pursuant to 28 U.S.C. § 2241.  Dkt. No. 1, Petition.[1]  The Court issued a Decision and Order giving petitioner thirty days to properly commence his case by either paying the statutory filing fee or filing a properly certified application to proceed in forma pauperis ("IFP").  Dkt. No. 3, Decision and Order ("October Order").

      Presently before the Court is petitioner's second IFP application along with a letter, dated November 1, 2022, requesting that the Court direct jail administration to properly certify

---

[1] This is the second habeas petition that Knapp has filed in the recent past.  *See Knapp v. Cutting*, No. 9:22-CV-1059 (TJM/ATB) ("*Knapp I*").

his IFP application. Dkt. No. 4, Second IFP Application; Dkt. No. 4-1, Letter.[2] Specifically, petitioner contends that "[o]n several ocassions [*sic*] the [petitioner] has asked jail administration to sign and certify the application to proceed without full payment of fees and confirm the negative balance of [petitioner's] commissary trust;" however, jail officials refuse to do it. Dkt. No. 4-1 at 1. Petitioner also asserts that providing jail officials with copies of the Court's orders directing compliance with proper commencement procedures has failed to produce different results and petitioner has "been refused by every attempt [he has] made so far." *Id.*

## II.   DISCUSSION

To commence a habeas corpus action, a petitioner must pay the court's filing fee or submit a properly certified IFP application.[3] Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). A proper IFP application includes a signature or certification by an appropriate prison official attesting to petitioner's balance, and average balance, in any account in petitioner's name at his or her facility. *Id.* (requiring a motion and affidavit, per 28 U.S.C. § 1915, and "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."). Local Rule 5.1.4 provides that if the prisoner fails to fully comply with the above-described requirements after being

---

[2] Petitioner filed the same letter in his other habeas corpus action as well as his civil rights case. *See Knapp I*, Dkt. No. 7, Letter; *Knapp v. Shenango County Sheriff's Office et al,* No. 9:22-CV-1068 (DNH/TWD) ("*Knapp II*"), Dkt. No. 11, Letter. None of these cases have been properly commenced. Petitioner has been consistently advised that proper certification is required for the Court to grant IFP status and that, in the event petitioner is still unable to acquire certification with the assistance of a second copy of the Court's Orders, petitioner will be permitted to file an affirmation with the Court outlining the specific efforts he made with the facility officials. *Knapp I*, Dkt. No. 5; *Knapp II*, Dkt. No. 13.

[3] The proper filing fee for a habeas corpus petition is $5.00. 28 U.S.C. § 1914(a).

informed by Court order of what is required, "the Court shall dismiss the action." N.D.N.Y.L.R. 5.1.4(b)(2)(A)(ii).

Petitioner's initial IFP application was deficient because it was not certified or signed by an appropriate prison official with regard to the balance, and average balance, in any account in petitioner's name at the facility.  *See* Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts (requiring petitioners who file IFP applications to include a "certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution").  Petitioner's second IFP application is deficient for the same reasons.  *See* Dkt. No. 4 at 2.

Accordingly, the Court shall extend petitioner's deadline to properly commence his case.  Because the Court has provided petitioner with courtesy copies of a very similar version of this Order, in an effort to assist him with proper certification, and petitioner contends that those efforts have been fruitless, it appears to be a waste of time and judicial resources to direct petitioner to attempt again.  Accordingly, as outlined in the Court's last Decision and Order in *Knapp I*, petitioner will be provided with the opportunity to file an affirmation with the Court outlining the specific efforts he has made with the facility officials, including the dates he spoke with the officials, their names, and what transpired.

To the extent petitioner seeks to have his recent letter serve as that affirmation, such a request is denied.  As the Court's Order clarifies, petitioner is directed to provide a specific accounting of the dates and times, in addition to the specific jail officials, that petitioner spoke with during his attempts to receive proper certification.  Petitioner should indicate which jail officials were provided with the Court's prior orders, what date they were provided, and what

transpired after the jail official received the Court's direction.  Vague statements such as "[t]he administration refuses to sign and certify [the application]," and petitioner has been "refused by every attempt [he has] made so far," fail to provide the detail required for the Court to make a finding.

**III.    CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that petitioner will have another opportunity to properly commence his action.  Therefore, petitioner must, **within thirty (30) days** of the filing date of this Decision and Order, either (1) pay the required filing fee of five dollars ($5.00) or (2) submit an affirmation outlining how he attempted to get his IFP application properly certified.  Petitioner's written affirmation shall clarify the specific attempts petitioner has made to receive proper certification for his IFP application.  The affirmation shall not exceed five (5) pages in length.  **Petitioner should state the date(s) upon which he spoke to any jail officials, their names, and what transpired during their conversations**; and it is further

**ORDERED** that, if petitioner fails to submit either the required filing fee of five dollars ($5.00) or an affirmation within thirty (30) days of the filing date of this Decision and Order, this action will be dismissed without further order from the Court; and it is further

**ORDERED** that, upon receipt of either petitioner's filing fee or his affirmation, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

Dated: November 14, 2022
      Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge